UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

LUCIENNE MOHAMMED

                                               Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,
THE CITY OF NEW YORK, and DAYSI GARCIA,

                    Defendants

**ANSWER TO THE COMPLAINT**

10 CV 0219 (SLT) (ALC)

------------------------------------------------------------------------ x

        Defendants New York City Department of Education ("DOE"), the City of New York, and Daysi Garcia,[1] by their attorney, MICHAEL A. CARDOZO, Corporation Counsel of the City of New York, as and for their answer to the Complaint herein, respectfully allege as follows:

        1.  Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to proceed as set forth therein.

        2.  Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to proceed as set forth therein.

        3.  Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as set forth therein and respectfully refer the court to the statutes cited therein for a complete and accurate description of this Court's jurisdiction.

---

[1] Daysi Garcia, who is named as a defendant herein, has not been properly served with the summons and complaint in the above-referenced action. Ms. Garcia received a copy of the summons and complaint by mail delivery only.

4. Deny the allegations set forth in paragraph "4" of the Complaint, except admit that venue is proper.

5. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "5" of the Complaint.

6. Deny the allegations set forth in paragraph "6" of the Complaint, and respectfully refer the Court to Education Law § 2590 et seq. for a complete and accurate description of the organization and powers of DOE.

7. Deny the allegations set forth in paragraph "7" of the Complaint, except admit that respondent Daysi Garcia is employed by DOE and has been the Principal of P65K since August 30, 2004.

8. Deny the allegations set forth in paragraph "8" of the Complaint.

9. Deny the allegations set forth in paragraph "9" of the Complaint, except admit that Daysi Garcia is employed by DOE and that plaintiff purports to proceed as set forth therein.

10. Deny knowledge or information sufficient for form a belief as to the truth of the allegations alleged in paragraph "10" of the Complaint.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except deny knowledge or information sufficient for form a belief as to when plaintiff filed a complaint with EEOC.

12. Deny knowledge or information sufficient for form a belief as to the truth of the allegations alleged in paragraph "12" of the Complaint,

13. Deny knowledge and information sufficient to form a belief about the truth of the allegations set forth in paragraph "13" of the Complaint.

14. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint, except admit that on July 29, 2008, the Office of the New York City Comptroller received what purports to be a notice of claim, and respectfully refer the Court to the document for a complete and accurate description of its contents.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint, except admit that plaintiff self-identifies as an individual of African descent, and has worked as a teacher at DOE's P.S. 65K since 1991, which is now located at 696 Jamaica Avenue, Brooklyn, New York.

16. Deny the allegations set forth in paragraph "16" of the Complaint.

17. Deny the allegations set forth in paragraph "17" of the Complaint.

18. Deny the allegations set forth in paragraph "18" of the Complaint.

19. Deny the allegations set forth in paragraph "19" of the Complaint, except deny knowledge or information sufficient to form a belief as to plaintiff's feelings.

20. Deny the allegations set forth in paragraph "20" of the Complaint.

21. Deny the allegations set forth in paragraph "21" of the Complaint, except admit that on or about January 2, 2007 plaintiff received a letter to her file, and respectfully refer the Court to the letter referred to therein for a complete and accurate statement of its contents.

22. Deny the allegations set forth in paragraph "22" of the Complaint.

23. Deny the allegations set forth in paragraph "23" of the Complaint.

24. Deny the allegations set forth in paragraph "24" of the Complaint.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26"of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint, except admit that plaintiff took student field trip money off of school property requiring police intervention.

34. In response to paragraph "34" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through "33" of the Complaint as if set forth fully herein.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. In response to paragraph "39" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through "38" of the Complaint as if set forth fully herein.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. In response to paragraph "43" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through "42" of the Complaint as if set forth fully herein.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. In response to paragraph "47" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through "46" of the Complaint as if set forth fully herein.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. Deny the allegations set forth in paragraph "51" of the Complaint.

52. In response to paragraph "52" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through "51" of the Complaint as if set forth fully herein.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

54. Deny the allegations set forth in paragraph "54" of the Complaint.

55. Deny the allegations set forth in paragraph "55" of the Complaint.

56. Deny the allegations set forth in paragraph "56" of the Complaint.

57. In response to paragraph "57" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through "56" of the Complaint as if set forth fully herein.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. Deny the allegations set forth in paragraph "59" of the Complaint.

60. Deny the allegations set forth in paragraph "60" of the Complaint.

61. Deny the allegations set forth in paragraph "61" of the Complaint.

62. In response to paragraph "62" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through "61" of the Complaint as if set forth fully herein.

63. Deny the allegations set forth in paragraph "63" of the Complaint.

64. Deny the allegations set forth in paragraph "64" of the Complaint.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

66. In response to paragraph "66" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through "65" of the Complaint as if set forth fully herein.

67. Deny the allegations set forth in paragraph "67" of the Complaint.

68. Deny the allegations set forth in paragraph "68" of the Complaint.

69. Deny the allegations set forth in paragraph "69" of the Complaint.

70. In response to paragraph "70" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through "69" of the Complaint as if set forth fully herein.

71. Deny the allegations set forth in paragraph "71" of the Complaint.

72. Deny the allegations set forth in paragraph "72" of the Complaint.

73. Deny the allegations set forth in paragraph "73" of the Complaint.

74. In response to paragraph "74" of the Complaint, defendants repeat and reallege their responses to paragraphs "1" through "73" of the Complaint as if set forth fully herein.

75. Deny the allegations set forth in paragraph "75" of the Complaint.

76. Deny the allegations set forth in paragraph "76" of the Complaint.

77. Deny the allegations set forth in paragraph "77" of the Complaint.

### FOR A FIRST DEFENSE:

78. The Complaint fails to state a claim against defendants upon which relief can be granted.

### FOR A SECOND DEFENSE:

79. This Court lacks personal jurisdiction over any Title VII claims contained in the federal Complaint which were not also contained in the plaintiff's charge of discrimination filed with the EEOC.

### FOR A THIRD DEFENSE:

80. Plaintiff's claims may be barred in part, by the applicable statute of limitations.

### FOR A FOURTH DEFENSE:

81. Individual defendants are not subject to suit under Title VII or under the ADEA and, thus, these claims must be dismissed as against defendant Daysi Garcia.

### FOR A FIFTH DEFENSE:

82. The individual defendants are entitled to absolute and/or qualified immunity from suit.

**FOR A SIXTH DEFENSE:**

83. Defendants have not violated any rights, privileges or immunities secured to plaintiff under the Constitution or laws of the United States, nor has it violated any act of Congress providing for the protections of civil rights.

**FOR A SEVENTH DEFENSE:**

84. The complaint may be barred, in whole or in part, by the doctrines of *res judicata* and/or *collateral estoppel*.

**FOR AN EIGHTH DEFENSE:**

85. Defendants exercised reasonable care to prevent and promptly eliminate any harassing behavior. Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities provided by defendants or to otherwise avoid harm.

**FOR A NINTH DEFENSE:**

86. The conduct complained of may consist of nothing more than what a reasonable victim of discrimination would consider petty slights and trivial inconveniences, and thus plaintiff's claims under the New York City Human Rights Law must be dismissed.

**FOR A TENTH DEFENSE:**

87. Plaintiff's claims for front and/or back pay are barred by her failure to mitigate damages.

**FOR AN ELEVENTH DEFENSE:**

88. Defendants had legitimate business reasons for taking any of the alleged discriminatory and/or retaliatory acts complained of by plaintiff.

## FOR A TWELFTH DEFENSE:

89. Defendants are not subject to an award for punitive damages.

## FOR A THIRTEENTH DEFENSE:

90. The City of New York is not a proper party to this action.

**WHEREFORE**, defendants respectfully request that the complaint be dismissed and that the relief sought therein be denied in all respects, together with such and further relief as the Court deems just and proper.

Dated:	New York, New York
	March 26, 2009

	**MICHAEL A. CARDOZO**
	Corporation Counsel of the
	  City of New York
	Attorney for the Defendants
	100 Church Street, Room 2-315
	New York, New York  10007
	(212) 788-0870


	By:	_____/s/_____
		Devor Deland Perry
		Jane E. Andersen
		Assistants Corporation Counsel
		dperry@law.nyc.gov
		janderse@law.nyc.gov


TO:	Anthony C. Ofodile, Attorney for Plaintiff (via ECF)

Docket No. 10 Civ. 0219 (SLT) (ALC)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LUCIENNE MOHAMMED

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION, THE CITY OF NEW YORK, and DAYSI GARCIA,

Defendants

**ANSWER TO THE COMPLAINT**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 2-315*
*New York, N.Y. 10007*

*Of Counsel: Devor Deland Perry, Jane E. Andersen*
*Tel: (212) 788-0870*
*Law Manager No. 2010-005148*

*Due and timely service is hereby admitted.*

*New York, N.Y. ........................................................ , 201......*

*........................................................................................Esq.*

*Attorney for................................................................................*